## Case No. 17,949.

### WOOD v. The LUMBERMAN.

[3 Hughes, 542.] [1]

District Court, E. D. Virginia. 1879.[2]

LIEN ON VESSEL—WAIVER.

Where a purchaser of a vessel, who takes pains before purchasing to ascertain the claims against her and to see them settled, is informed by a claimant (who is afterwards the libellant) that he has but one small claim, which is afterwards paid, and this claimant fails to inform him of the existence of a negotiable note given in payment of another claim which is receipted, and which the vendor shows as receipted to the purchaser, *held*, that this negotiable note is not a lien upon the vessel.

In admiralty. In this case John E. Wood libels the tug for the amount of $104.24, the price of coal furnished the tug while it was owned by C. H. Hostetter. The tug was soon afterwards purchased by Brillinger, the present claimant and owner. The law of Virginia gives a lien to material men upon domestic vessels. Wood, through his agent, had given a receipt for the amount of his bill for coal, in which no mention was made of a promissory note taken by Wood in payment of the bill. Brillinger saw this receipt, but heard nothing of the note, before he paid for the tug.

Further facts in the case were the following: Before Brillinger purchased the steamer of C. H. Hostetter he required the latter to settle all bills against her, so that there should be no claim made after he should become the owner. This Hostetter did,' with the exception of a few small bills which Brillinger was willing to assume, or trust to be paid. Among other bills produced to Brillinger by Hostetter as having been paid, was that of the libellant, filed with Brillinger's answer, and now attached to this paper. If Brillinger had suspected that the bill had not been actually paid, he would have deducted it from the purchase-money, as he did in the case of some small bills he assumed. He also made inquiries, so far as he could, as to outstanding bills against the steamer before he would run the risk of a final settlement. He went with H. H. Hostetter, brother of C. H. Hostetter, who was in the employment of the latter, to see libellant. Did not see him, but saw libellant's brother, who seemed to have charge of the business. On inquiry, he said he had nothing against the steamer but a small bill for coal, but that they had a note against C. H. Hostetter which would soon be due, and he hoped he, H. H. Hostetter, would provide for it. This small bill was soon after paid by H. H. Hostetter. This was just after C. H. Hostetter had left the state, and his disappearance had been talked of. After Brillinger had purchased and paid for the steamer he got coal from libellant, and paid bill when

presented, but nothing was said to him about the steamer owing anything for which C. H. Hostetter had contracted, except the small bill paid afterwards by H. H. Hostetter, as mentioned.

H. H. Hostetter confirmed the testimony of Brillinger as to the statement of libellant's clerk or superintendent at the yard, and the payment of the small bill by him as mentioned.

Captain Brown said he remained in charge of steamer after Hostetter sold to Brillinger; that once after Hostetter had left, when he was taking in some coal, he spoke to the younger Wood about Hostetter having gone off leaving debts, etc.; and that Wood said Hostetter left in debt to them, but that he did not owe them anything they could make out of the boat.

L. D. Starke, for libellant.

W. H. C. Ellis, for respondent.

HUGHES, District Judge. I think, on the facts of this case (the libellant having given a receipt for his claim, in which he made no mention of his note, and by which Brillinger, who saw it, was thrown off of his guard, and Wood's brother or clerk having declared to Brillinger that the house had no claim on the tug), that the lien was waived, and the purchaser took the vessel clear of the lien.

The decree given under this decision was affirmed on appeal by Bond, Circuit Judge. [Case unreported.]